IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID LEWIS
ADC #165397                                                                                    PLAINTIFF

v.                              5:19-cv-00057-DPM-JJV

RYLIE, Lieutenant; *et al.*                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

David Lewis ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. (Doc. No. 1.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v.*

*Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.  PLAINTIFF'S COMPLAINT

Plaintiff says he was beaten by Defendants Franis Mayo and three other unknown "Doe" inmates on May 23, 2017. (Doc. No. 1.) Plaintiff was released from prison the following day,

and his family took him to a hospital where he received medical care for four fractured ribs, a broken nose, and a concussion.[1]  (*Id.*)  I conclude the Complaint fails to state a claim upon which relief may be granted for several reasons.

First, Plaintiff wants Defendants Mayo and Does to be "punished" for attacking him. (Doc. No. 1 at 3.)  A § 1983 action can only be filed against a "state actor" or a person acting under "the color of state law."  *See* 42 U.S.C. § 1983; *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) ("Section 1983 secures most constitutional rights from infringement by governments, not private parties").  Defendants Mayo and Does are private parties, who were not acting under color of law when they beat him.  Accordingly, Plaintiff has not pled a plausible § 1983 claim against them.

Second, Plaintiff claims Defendants Rylie, Simmons, and Moore failed to protect him from the attack.  To plead a plausible failure to protect claim, a prisoner must allege facts suggesting: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, each of the defendants knew of and disregarded that substantial risk of serious harm.  *Walls v. Tadman*, 762 F.3d 778, 782 (8th Cir. 2014); *Edwards v. Byrd,* 750 F.3d 728, 733 (8th Cir. 2014).  Plaintiff makes the conclusory statement that, on May 18, 2017, "I was moved after telling officers Lt. Rylie, Lt. Simmons, and Sgt. Moore that inmate Franis Mayo and three other Hispanic inmates threatened me because they found out I was going home."  (Doc. No. 1 at 1.)  It is unclear whether Plaintiff "was moved" into or out of the barrack with his attackers and whether Defendants Rylie, Simmons, or Moore were personally involved in that decision.  Also, "threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm."  *Glaze v. Byrd*, 721 F.3d 528, 531 (8th Cir. 2013); *see also Lenz v.*

---

[1] Plaintiff returned to the ADC sometime thereafter.

*Wade,* 490 F.3d 991, 995-96 (8th Cir. 2007) (providing that "a single incident, or series of isolated incidents" does not constitute a substantial risk of harm). Plaintiff has not provided enough information about the threat he allegedly reported to Defendants Rylie, Simmons, and Moore or explained how their response (or lack thereof) constituted deliberate indifference. Thus, his allegations are too vague to properly state a failure to protect claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face").

Third, Plaintiff contends former ADC Director Larry Norris and unknown ADC medical staff failed to provide him with adequate medical care for his injuries. To plead a plausible § 1983 inadequate medical care claim, a prisoner must plead facts suggesting: (1) he had an objectively serious need for medical care; and (2) each of the defendants subjectively knew of, but deliberately disregarded, that serious medical need. *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). Negligent and grossly negligent medical care, as well as a mere disagreement with the course of care, are insufficient to state a § 1983 violation. *Id.* Plaintiff has not explained what medical care he received in prison before he was released from custody, why that care was constitutionally inadequate, or how he was harmed by the one-day in receiving medical care at a local hospital. Additionally, Defendant Norris cannot be held vicariously liable in a § 1983 case for the actions of his subordinates. *See Iqbal*, 556 U.S. 662, 676 (2009) (a prisoner must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a

prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Plaintiff's Complaint does not explain how Defendant Norris personally participated in the alleged lack of adequate medical care.

Importantly, I have already explained each of these pleading deficiencies to Plaintiff, given him the opportunity to cure them in an Amended Complaint, and advised him that I would recommend dismissal if he failed to do so within thirty days. (Doc. No. 4.) Plaintiff has not filed an Amended Complaint in the allotted time. Therefore, his Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" under 28 U.S.C. § 1915(g).[2]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 16th day of April 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."